**PATEL | STILWELL, LLP**
ANDREW R. STILWELL, ESQ.        (CBN: 229469)
3160 Camino Del Rio South, Suite 313
San Diego, CA 92108
Telephone: (619) 940-6623
Email: AStilwell@PatelStilwell.com

Attorneys for CYNTHIA HOLIDAY, Plaintiff.



# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA HOLIDAY,<br><br>                    Plaintiff,<br><br>       vs.<br><br>BAYVIEW LOAN SERVICING, LLC, NATIONAL DEFAULT SERVICING CORPORATION, BANK OF NEW YORK MELLON, AS TRUSTEE FOR THE HOLDERS OF THE ALTERNATIVE LOAN TRUST 2005-76, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-76;<br><br>                    Defendant(s). | Case No. 5:17-cv-03094-LHK<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND OBJECTION TO REQUEST FOR JUDICIAL NOTICE<br><br>[*Filed Concurrently Herewith*] |

Plaintiff, CYNTHIA HOLIDAY ("Plaintiff") opposes Defendant's NATIONAL DEFAULT SERVICING CORPORATION (hereafter jointly as "Defendant") motion to dismiss under Rule 12(b)(6) as follows:

## INTRODUCTION

Defendant's motion is based on three objections: Plaintiff's claims are contrary to well-settled law, claims are contradicted by judicially noticeable facts,

and NDSC errantly presumes that it may rely upon disputed facts contained within recorded documents (MPA, pg. 2-3). As Plaintiff will show herein below, Defendant's alleged defenses shatter in light of their malice, and as a purported assignee and/or loan servicer to a deed of trust who has relied solely upon supposition and presumptions contained as disputed facts within recorded instruments, all of which are timely objected to by Plaintiff (*See: Plaintiff's Objection to RJN filed concurrently herewith*).

Defendant's further assertion that the factual allegations over 30 pages and more than 20 additional pages of ***disputed*** publicly recorded exhibits does not satisfy Rule 8's short and plain statement is self-evidently absurd. Further, Plaintiff has provided this Court with the legal basis for the claims, which satisfies the *Iqbal/Twombly* plausibility requirements.

The Complaint is well pled with substantial factual allegations, and Defendant's claims are legally flawed. It is for these reasons, that Plaintiff respectfully asks this Court to deny Defendant's motion to dismiss, and allow this matter to be heard on its substantial merits.

NDSC's notion that it is somehow granted an automatic status of bona fide creditor is based on nothing more than suggestion and supposition, absent authenticated facts. All facts contained as recitals within each and every Request for Judicial Notice ("RJN") documents are disputed and Objected to by Plaintiff. Thus, Defendant has brought nothing in support of its Motion other than disputed facts within recorded documents, those which are materially at issue. *See: Obj. to RJN filed concurrently herewith*.

Taking Plaintiff's well-pled facts as true, this Court cannot take judicial notice of anything more than the fact that the documents in the RJN exist and were recorded. No facts are drawn from the RJN and the Motion must fail.

**LEGAL STANDARD**

For purposes of a motion to dismiss, the Plaintiff's allegations are taken as true, and the Court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). To defeat such a motion, the factual allegations must simply be "enough to raise a right to relief above the speculative level…on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004).

The court must draw all reasonable inferences in the plaintiff's favor, *Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005), and presume that general allegations embrace those specific facts that are necessary to support the claim," *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 889 (1990).

**SUMMARY OF FACTS**

Plaintiff alleged "California courts have routinely ruled that this designation as "Nominee" limits MERS' capacity to only actions taken within the scope of MERS's agency, and that MERS can only act at the direction of the Lender or their successors and assigns, those successors being contingent upon a writing by the original Lender that satisfies the Statute of Frauds for conveyances of real property." *Compl. at ¶ 18*.

NDSC alleges that MERS is a beneficiary under the DoT. *MPA at pg. 2, ln. 16*. However, the DoT does not define the term "beneficiary". The DoT is, by its own construct, a trust instrument. "If a trust instrument only *incidentally benefits* an individual or entity, that natural or legal person is not a beneficiary and cannot enforce rights thereunder." [Rest. Trusts, 3d, § 48]. MERS has no benefit under the DoT or the Note. MERS is not entitled to payment under either instrument.

MERS was granted an equitable charge as an incidental encumbrancer under Plaintiff's deed of trust, as opposed to an equitable interest in the trust property. MERS was never granted an equitable ownership interest in any of the deed's controlling language. MERS could not convey a right to payment to any party by operation of the deed itself. MERS is, glaringly, not named as a beneficiary in the Note.

Gilbert's Law Summary on Trusts § 48 instructs: "The holder of an equitable charge has a mere encumbrance or lien against property, while a trust beneficiary has equitable ownership. Such a distinction is important regarding the right to income." MERS never had a right to income and could never convey such a right.

Defendant's motion rests upon the rebuttable presumption that MERS assigned an interest on behalf of its principal at a time certain after MERS' principal had become insolvent and incapacitated. *Compl, ¶¶ 19-20*.

California Civil Code § 2321. "When an authority is given partly in general and partly in specific terms, the general authority gives no higher powers than those specifically mentioned." Under the terms of the DoT, MERS was given a general authority as "beneficiary". However, the specific authority was memorialized as MERS being a "Nominee" for the principal Lender, America's Wholesale Lender ("AWL"). *Compl., Ex. 1*. Thus, as Plaintiff alleged, MERS never had any pecuniary interest in the underlying debt and was merely an incidental beneficiary with no interest in the debt (Promissory Note) whatsoever and could never act without specific instruction from its principal, AWL.

Cal. Civ. Code § 2295. "An agent is one who represents another, called the principal, in dealings with third persons. Such representation is called agency."

Cal. Civ. Code § 2296. "Any person having capacity to contract may appoint an agent, and any person may be an agent."

Cal. Civ. Code § 2297. "An agent for a particular act or transaction is called a special agent. All others are general agents."

NDSC claims to have been assigned all right title and interest by and through an assignment of Plaintiff's DoT. However, as Plaintiff clearly alleged, MERS' agency relationship with its principal, AWL, had been terminated with AWL's incapacitation in 2009, *Compl., ¶ 40*.

NDSC does not argue or show any judicially noticeable fact in its motion that AWL ever assigned an interest to any entity prior to its incapacitation. The California Statute of Frauds (codified in California Civil Code § 1624) requires that "…an assignment of an interest in real property (which includes the encumbrance contained within the DoT) must be made in writing and recorded in the recorder' office of the county in which the real property is located".

There is not a single writing that satisfies Civil Code § 1624 in any record of the County Recorder's Office prior to AWL's demise in 2009. MERS simply could not act on behalf of an incapacitated principal. And because the DoT specifically quantified MERS' capacity as that of Nominee/agent, NDSC's presumptions that the recorded assignments are legally conclusive fall woefully short of grounds for dismissal at the pleading stage.

Plaintiff finally and clearly alleged that the three (3) assignments of the DoT had materially violated federal law. Under the strict terms of Plaintiff's DoT, any violation of law voids the act by operation of the DoT's terms. *Compl. ¶¶'s 46, 47*.

Plaintiff does not allege a third-party interest in a pooling and servicing agreement, rather, Plaintiff has alleged that his DoT has been materially breached by operation of federal laws that govern the purported assignee beneficiary, Defendant BANK OF NEW YORK MELLON, AS TRUSTEE FOR THE HOLDERS OF THE ALTERNATIVE LOAN TRUST 2005-76, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-76 ("BNY").

Plaintiff has sufficiently stated a claim under FDCPA. The recent case of *Dower v. Nationstar Mortgage, LLC*, 852 F.3d 964 (2017) is directly on point to the facts herein. The *Dowers* court cited to *Ho v. Recontrust Co.*, 840 F.3d 618 (9th Cir. 2016), therein reaffirming its holding:

"Section 1692f(6) regulates more than just the collection of a money debt. It prohibits: "[t]aking or threatening to take any non-judicial action to effect dispossession or disablement of property if—(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) here is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement."

The Court stated further:

"The district court dismissed all four of Plaintiff's FDCPA claims because Defendants' conduct "relate[d] to nonjudicial foreclosure attempts." But Section 1692f(6) regulates non-judicial foreclosure activity. Again, *Ho* is instructive: when contrasting Section 1692f(6) with the other FDCPA provisions, we noted that ReconTrust was clearly a debt collector for purposes of Section 1692f(6) because ReconTrust was enforcing a security interest. *See Ho*, 840 F.3d at 622. Here, Plaintiff alleged that BNY and its agent, NDSC, threatened to take non-judicial action to dispossess Plaintiff of their home without a legal ability to do so. Such conduct is exactly what Section 1692f(6) protects borrowers against. As a result, the district court should not dismiss the cause on the ground that **BLS** was engaging in conduct related to non-judicial foreclosure." There is no evidence to support the presumption that NDSC is a bona fide trustee with power of sale.

Plaintiff's allegations under her FDCPA claim mirror the factual analysis of the *Dowers* decision. Presuming the allegations are true, Plaintiff has pled that Defendants are all liable under FDCPA § 1692(f). Plaintiff respectfully requests this Court overrule Defendant's Motion and allow the claim to proceed.

**THE NOTICE OF DEFAULT**

In California, when an instrument, such as a Substitution of Trustee, NOD or Assignment of Deed of Trust conferring powers or authority is recorded, such recordation does not impart judicially noticeable facts as those facts are contained within the instrument. Under California Government Code § 27201 *et. Seq.*, the County Recorder is ***required*** to record any instrument that is in proper form, but the Recorder cannot, and does not, give any consideration as to the factual content or legal effect of the instrument.

*City of Los Angeles v. Morgan,* 105 Cal. App. 2d 726 (1951) the court stated: "the purpose of the recording statutes is to provide notice…whether valid or invalid…if invalid instruments are recorded, no notice is given." (See: Cal. Gov't Code §§'s 27201-27209). No presumption of fact arises when such facts are in material dispute.

Under the legislative intent of Cal. Civ. Code § 2924a (d), there is nothing that suggests that a substitution of trustee document is self-authenticating and not subject to dispute. Plaintiff has squarely placed all title instruments, including any purported substitution of trustee that has been recorded, at issue and as disputed as to its legal effect. In *Yvanova v. New Century Mortgage Corp.*, 62 Cal. 4th, 919 (2016) ("*Yvanova*"), the Court has reaffirmed that a void document has no legal effect and any presumptions arising from a void instrument would likewise be void. *Yvanova* at P. 929.

*VFS Financing, Inc. v. CHF Express, LLC*, 620 F. Supp. 2d 1092, 1097 (C.D. Cal. 2009), "Regarding authentication, evidence should be presented to prove the genuineness of the signatures or a declaration from the custodian of records laying a foundation for the document's admission into evidence". No authenticating testimony has been set forth in the record in this case.

NDSC again falls on its own sword when it alleges that Plaintiff was in default. *MPA, pg. 3, ln. 2*. NDSC has failed to demonstrate, by judicially noticeable facts or competent witness testimony, that any single fact contained in the Notice of Default ("NOD") is supported by such testimony. Absent a valid, authenticated NOD, the statute at Cal. Civ. Code §2924 *et. seq*. has not been invoked by any party.

NDSC claims a privilege under Cal. Civ. Code § 47 (a) and (b), but fails to include § 47 (c). And for good reason. Civil Code § 47 provides only a ***qualified privilege***. It does not protect communications made with malice (§ 47 (c)). Malicious and oppressive conduct has been alleged and shown in Plaintiff's complaint (Compl. at ¶¶'s 21, 228). The conduct alleged and shown in the Complaint demonstrates a pattern and practice of malicious and oppressive acts by BNY and NDSC, thus meeting the standard for allegations of malice or oppression. Plaintiffs' allegations at the pleading stage are taken as true. "The Court must accept as true all facts which are properly pled and must assume that the plaintiff will be able to prove all of the facts alleged". *Fundin v. Chicago Pneumatic Tool Co.,* 152 Cal.App.3d 951,955 (1984)*; Dell E. Webb Corp. v. Structural Materials Co.,* 123 Cal.App.3d 593,604 (1981). However, legal conclusions cannot be alleged. It is NDSC's legal conclusion that it is a trustee under the authority of Plaintiff's deed of trust and is speculation, as has been disputed by Plaintiff, and cannot be used as a fact.

Factual disputes are properly resolved only on summary judgment or at trial, not on a motion to dismiss, which has yet to be filed in the instant case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

No admissible evidence has been submitted by Defendant that authenticates the disputed facts within the instruments in Defendant's Exhibits enumerated in its RJN. **F.R.E. Rules 901, 1002; F.R.E. Rule 201 (b)(1)(2)** – The facts contained

within the instrument are not generally known within the court's territorial jurisdiction and the facts within the instruments cannot be accurately and readily determined from sources whose accuracy cannot be reasonably questioned.

Under certain limited scenarios, pursuant to Federal Rule of Evidence, Rule 201, a court may take judicial notice of "matters of public record." Lee v. City of Los Angeles, 250 F.3d 668, 688-689 (9th Cir. 2001), *internal citation omitted*.

Under Fed. R. of Evid., Rule 201(b), "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned."

While Courts may take judicial notice of matters outside pleadings, such as public records (*Mack v. South Bay Beer Dist*., 798 F.2d 1279 (9th Cir. 1986), no notice may be taken of disputed facts within those public records.

NDSC claims that the recorded substitution of trustee document establishes facts that it is a bona fide trustee. *MPA, pg's, 4, ln. 25, pg. 5, ln. 14, pg. 6, ln. 7 ad nauseum*. However, as Plaintiff has alleged and shown, every assignment of the DoT is disputed and no facts are drawn from disputed facts. "Further, the court may not take notice of any matter that is in dispute." *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir., 2008). *Also see: Plaintiff's Obj. to RJN*.

Thus, NDSC is without any authority, as a purported trustee, when Plaintiff has clearly articulated her objection to the RJN. If the assignments of DoT are determined to be ineffective and a material breach of Plaintiff's DoT, then the recorded substitution of trustee would also be a nullity as such document was executed by a disputed party to the DoT.

Taking Plaintiff's pled facts as true, NDSC is alleged as being a mere agent of each other Defendant herein and carries no presumed privilege or authority unless and until this Court makes such a determination based upon competent

testimony that supports each and every word and fact contained within the instruments that are disputed in the Complaint.

The missing "Declaration of Default and Demand for Sale" (*Compl. ¶¶'s 71, 77, 79*) as written and authenticated by an authenticated beneficiary, and delivered to the trustee, represents a clear *evidence of absence* of a business record (Cal. Civ. Code §§ 2924.17, 2924(a)(6)) that is required to be maintained as a permanent record of the loan servicer and its agents (Cal. Evid. Code § 1272). Declarant had an opportunity to produce such a Declaration in support of its claim that it actually received the written Declaration as a fact in support of the NOD, yet elected to stand on an RJN that fails to judicially notice one single relevant fact in support of its position. This clear absence of the record is evidence under Cal. Evid. Code § 1272.

Absent a written declaration of default and demand for sale, NDSC is wholly in violation of Civ. Code § 2924.17 and carries a duty under same Code, *id*.

Therefore, all of Plaintiff's causes of action must survive in light of Defendant's failure to submit admissible evidence or testimony.

**CONCLUSION**

Defendant NDSC has attempted to lure this Court into reversible error by using facts that are disputed throughout the Complaint. There is a rebuttable presumption that recorded documents are judicially noticeable and are true and correct. Plaintiff has disputed those presumptions with clarity and facts. NDSC has utterly failed to demonstrate that it is, in fact, a bona fide substituted trustee by a preponderance of admissible evidence. NDSC has shown no admissible evidence or testimony that would allow this Court to dismiss NDSC at this early pleading stage.

The law and facts alleged by Plaintiff are overwhelming.

Therefore, Plaintiff respectfully requests this Court overrule NDSC's motion in its entirety and require Defendant to answer.

Dated:  July 5, 2017 **PATEL | STILWELL, LLP**

*/s/ Andrew R. Stilwell*

ANDREW R. STILWELL, ESQ.
3160 Camino Del Rio South, Suite 313
San Diego, CA 92108
Telephone: (619) 940-6623
Email: AStilwell@PatelStilwell.com

Attorney for Plaintiff



**PATEL | STILWELL, LLP**
ANDREW R. STILWELL, ESQ.        (CBN: 229469)
3160 Camino Del Rio South, Suite 313
San Diego, CA 92108
Telephone: (619) 940-6623
Email: AStilwell@PatelStilwell.com

Attorneys for CYNTHIA HOLIDAY, Plaintiff.

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA HOLIDAY,<br><br>                    Plaintiff,<br><br>    vs.<br><br>BAYVIEW LOAN SERVICING, LLC, NATIONAL DEFAULT SERVICING CORPORATION, BANK OF NEW YORK MELLON, AS TRUSTEE FOR THE HOLDERS OF THE ALTERNATIVE LOAN TRUST 2005-76, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-76;<br><br>                    Defendant(s). | Case No. 5:17-cv-03094-LHK<br><br>PLAINTIFF'S OBJECTION TO REQUEST FOR JUDICIAL NOTICE |

Plaintiff, CYNTHIA HOLIDAY, objects to Defendants' NATIONAL DEFAULT SERVICING CORPORATION ("Defendant") Request for Judicial Notice as follows:

Request No. 1: Substitution of Trustee, executed on June 7, 2016 and recorded with the Santa Clara County Recorder's Office on June 20, 2016 as Document No. 23340599.

## MEMORANDUM OF POINTS AND AUTHORITIES

No admissible evidence has been submitted by Defendant that authenticates the disputed facts within the instrument in Defendant's Exhibits enumerated above. **F.R.E. Rules 901, 1002; F.R.E. Rule 201 (b)(1)(2)** – The facts contained within the instrument are not generally known within the court's territorial jurisdiction and the facts within the instruments cannot be accurately and readily determined from sources whose accuracy cannot be reasonably questioned.

Under certain limited scenarios, pursuant to Federal Rule of Evidence, Rule 201, a court may take judicial notice of "matters of public record." *Lee v. City of Los Angeles, 250 F.3d 668, 688-689 (9th Cir. 2001)*, *internal citation omitted*. Although the existence of a document may be judicially noticeable, the truth of the statements contained in the document and its proper interpretation are not subject to judicial notice if those matters are reasonably disputable. *Fed. R. Evid. 201, subd. (b); Lee, id.*

Absent competent fact witness testimony, Defendant's Request must be denied as to disputed facts within the exhibits.

Plaintiff is entitled to an opportunity to be heard on the propriety of the Court taking notice and the nature of the fact to be noticed. **F.R.E. Rule 201(e).** *U.S. v. Ritchie*, 342 F.3d 903 (9th Cir. 2003).

Plaintiff has substantially and sufficiently rebutted all presumptions of truth, fact, legal presumptions or effects arising from the above disputed instruments and/or validity of all instruments that were recorded against his title.

Under Fed. R. of Evid., Rule 201(b), "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned."

While Courts may take judicial notice of matters outside pleadings, such as public records (*Mack v. South Bay Beer Dist*., 798 F.2d 1279 (9th Cir. 1986), no notice may be taken of disputed facts within those public records.

## LAW AND ARGUMENT
## PLAINTIFFS OBJECT TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

"The court may not take notice of any matter that is in dispute." *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir., 2008). Plaintiffs have squarely put every fact and every presumed legal effect of each and every title instrument at issue in his complaint. None of the "facts" or presumptions of legal effect within the documents that were recorded at the county land records are "generally within the trial court's territorial jurisdiction, or; can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned". Fed. R. of Evid. Rule 201, subd. (b).

By simply regurgitating recorded chain of title instruments, as Defendants have done, without providing actual admissible testimony and/or evidence in support of each and every fact contained as recitals within the disputed instruments, Defendants are wholly without legal authority to enforce the terms of any of the Foreclosure Documents listed within, as well as being unable to thereby grant Defendants' request for dismissal.

Counsel fails to provide any authenticity for the veracity in which the documents were created, executed, and the process in which the documents were recorded. Without which the contents of the documents are questionable, and certainly objectionable. Counsel's failure to provide such authenticity leaves this

Court with nothing other than the ability to take judicial notice that the documents within the Defendant's request for judicial notice were recorded. The Court cannot take judicial notice of the contents of the documents, or the legal meaning of the words used without foundation and authenticating.

In the absence of authenticated legal authority to act as a *bona fide*, equitable beneficiary by lawful assignment, the statutory presumption of legal effect of all title instruments, recorded or not, has not yet arisen in this case. There is no language in any of the Recording Statute in California which indicates that the legislature intended for recorded documents to be self-authenticating, particularly under a specific challenge and dispute as to those records' authenticity and legal effect.

Plaintiff specifically disputes the facts contained within the instruments, and their legal meaning, including presumptions and privileges that Defendant is asserting. Because those facts are in dispute, the Defendant's request for judicial notice is rendered moot as to its legal effect or presumption of Defendant's purported claims of privilege.

Defendant has specifically attempted to bring disputed facts, as alleged in Plaintiffs' Complaint, clearly to lure this Court into error. Factual disputes are properly resolved only on summary judgment or at trial, not on a motion to dismiss, which has yet to be filed in the instant case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

A controversy exists as to the purported facts contained within the Defendant's request for judicial notice and its documents, therefore the request fails as a matter of law.

## CONCLUSION

THEREFORE, Plaintiffs respectfully request this Court deny Defendant's request for judicial notice.

Dated: July 5, 2017                    **PATEL | STILWELL, LLP**


*/s/ Andrew R. Stilwell*
_____
ANDREW R. STILWELL, ESQ.
3160 Camino Del Rio South, Suite 313
San Diego, CA 92108
Telephone: (619) 940-6623
Email: AStilwell@PatelStilwell.com
Attorney for Plaintiff